289 N.J. Super. 1 (1996)
672 A.2d 1233
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CYNTHIA CUPE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 6, 1996.
Decided March 15, 1996.
*5 Before Judges MICHELS, BAIME, and VILLANUEVA.
Stephen W. Kirsch, Assistant Deputy Public Defender, argued the cause for appellant (Susan L. Reisner, Public Defender, attorney; Mr. Kirsch, of counsel and on the brief).
*6 Nancy A. Hulett, Deputy Attorney General, argued the cause for respondent (Deborah T. Poritz, Attorney General, attorney; Ms. Hulett, of counsel and on the brief).
The opinion of the court was delivered by BAIME, J.A.D.
Defendant appeals the denial of her petition for post-conviction relief. At issue is whether State v. Coyle, 119 N.J. 194, 574 A.2d 951 (1990), which prohibits sequential jury charges in murder cases where there is evidence of passion/provocation, should be applied retroactively to convictions that had become final prior to the date the Supreme Court's decision was rendered. We hold that defendant and others similarly situated who had exhausted all avenues of direct review before Coyle was decided may not obtain post-conviction relief on the ground that sequential jury instructions were given at the trial.

I.
Following a lengthy jury trial, defendant was convicted of murder (N.J.S.A. 2C:11-3a) and was sentenced to a term of thirty years without parole eligibility. We affirmed defendant's conviction and sentence in an unpublished opinion. The Supreme Court denied certification on September 6, 1989. State v. Cupe, 117 N.J. 635, 569 A.2d 1336 (1989). Two years later, defendant filed her first petition for post-conviction relief. The Law Division summarily dismissed the petition on the prosecutor's motion. We reversed on the ground that defendant was denied the effective assistance of counsel in the post-conviction proceedings.
On remand, defendant contended for the first time that she was denied due process because the trial court had given sequential instructions that had the potential to foreclose jury consideration of whether passion/provocation reduced the otherwise purposeful killing from murder to manslaughter. The trial transcript disclosed that after the initial charge on purposeful murder, the court had instructed the jury that it need not consider the lesser-included *7 offense of manslaughter unless it determined that the State had failed to prove beyond a reasonable doubt the offense of murder. Although later in its instructions the trial court had told the jury emphatically to return a verdict of manslaughter if it found beyond a reasonable doubt that the killing was purposeful but harbored a reasonable doubt as to whether defendant acted in the heat of passion under reasonable provocation, defense counsel argued that the charge suffered from the same infirmity as that present in Coyle.
The trial court in the post-conviction proceeding agreed that the instruction given at trial violated Coyle's prohibition against sequential charges. The court noted, however, that Coyle was decided long after the trial and that the instructions given essentially mirrored the model jury charges in effect at the time. Because it had relied upon settled law in formulating the jury instructions, the trial court determined that it would be unfair to permit defendant to rely on the Coyle decision to obtain post-conviction relief.
As we noted, defendant exhausted all avenues of direct review on September 6, 1989. The Supreme Court's decision in Coyle was rendered on June 11, 1990. The question of Coyle's retroactive application is thus squarely presented.

II.
Before addressing that issue, we quickly reject the State's three-pronged argument that defendant's petition was procedurally barred because the claim of Coyle error (1) was raised, litigated and decided in the direct appeal, or (2) could have been raised in prior proceedings, but was not, and (3) in any event, was untimely.
Initially, we are satisfied that the claim of error advanced in defendant's petition for post-conviction relief was neither raised nor decided in prior proceedings. In the direct appeal, we dealt with defendant's contention that the trial court's charge was deficient because it failed to convey to the jury the State's burden *8 of disproving passion/provocation beyond a reasonable doubt. We concluded that the trial court's instructions comported with our Supreme Court's holding in State v. Grunow, 102 N.J. 133, 506 A.2d 708 (1986). See also State v. Powell, 84 N.J. 305, 419 A.2d 406 (1980). We are convinced that the issue raised and decided in defendant's direct appeal and that advanced in her petition for post-conviction relief are not "identical" or "substantially equivalent." State v. Bontempo, 170 N.J. Super. 220, 234, 406 A.2d 203 (Law Div. 1979); see also Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). While we deplore the practice of couching essentially the same argument in different constitutional verbiage in order to evade the prohibition against relitigating issues already decided, see R. 3:22-5; State v. Trantino, 60 N.J. 176, 180, 287 A.2d 177 (1972); State v. Smith, 43 N.J. 67, 74, 202 A.2d 669 (1964), cert. denied, 379 U.S. 1005, 85 S.Ct. 731, 13 L.Ed.2d 706 (1965), we find no abuse of the post-conviction relief procedure in this case.
We are also unpersuaded by the State's contention that defendant's claim is barred by R. 3:22-4. Under that rule, any ground for relief not raised in a prior proceeding may not be advanced by way of a petition for post-conviction relief. Ibid. The general rule is that an issue which could have been raised upon direct appeal, but was not, will not be cognizable in a post-conviction relief proceeding. State v. Cerbo, 78 N.J. 595, 605, 397 A.2d 671 (1979); State v. Levine, 253 N.J. Super. 149, 155, 601 A.2d 249 (App.Div. 1992). However, the rule is subject to several exceptions. If, for example, the alleged error arguably deprived defendant of his fundamental right to a fair trial or possibly infringed a constitutional requirement, the bar does not apply. See State v. Reynolds, 43 N.J. 597, 602, 206 A.2d 750 (1965). Against this backdrop, it is at least arguable that defendant's petition advanced a claim of constitutional dimension. While "[c]loaking [a] claim in constitutional language will not guarantee relief[,]" a genuinely alleged serious defect in the jury charges will circumvent the procedural prohibition. State v. Mitchell, 126 N.J. *9 565, 584-85, 601 A.2d 198 (1992); see also State v. Sloan, 226 N.J. Super. 605, 612, 545 A.2d 230 (App.Div.), certif. denied, 113 N.J. 647, 552 A.2d 171 (1988); State v. Koch, 118 N.J. Super. 421, 429-30, 288 A.2d 295 (App.Div. 1972).
Equally devoid of merit is the claim that defendant's petition was untimely. R. 3:22-12 provides that, except to correct an illegal sentence, a petition for post-conviction relief must be filed not more than five years after rendition of the judgment. Defendant's original petition was filed within the prescribed period. Following our reversal, the petition was amended to raise the sequential charge argument. We are satisfied that the amended petition related back to the original filing.

III.
We now address the issue of whether Coyle should be applied retroactively. The threshold question is whether federal or State law governs resolution of this issue. To the extent that retroactivity issues arise in the context of criminal procedural decisions implicating rights guaranteed by the federal constitution, United States Supreme Court decisions control the scope of retroactive application of a particular case. See State v. Lark, 117 N.J. 331, 335, 567 A.2d 197 (1989); State v. Stever, 107 N.J. 543, 550-52, 527 A.2d 408, cert. denied, 484 U.S. 954, 108 S.Ct. 348, 98 L.Ed.2d 373 (1987). However, our courts have the inherent power to decide the retroactive scope of their own case holdings relating to New Jersey law. See, e.g., State v. Lark, 117 N.J. at 334, 567 A.2d 197; Coons v. American Honda Motor Co., 96 N.J. 419, 476 A.2d 763 (1984), cert. denied, 469 U.S. 1123, 105 S.Ct. 808, 83 L.Ed.2d 800 (1985); State v. Hunt, 91 N.J. 338, 450 A.2d 952 (1982); State v. Burstein, 85 N.J. 394, 427 A.2d 525 (1981); State v. Czachor, 82 N.J. 392, 413 A.2d 593 (1980); State v. Sands, 76 N.J. 127, 386 A.2d 378 (1978); State v. Nash, 64 N.J. 464, 317 A.2d 689 (1974); Darrow v. Hanover Tp., 58 N.J. 410, 278 A.2d 200 (1971); State v. Johnson, 43 N.J. 572, 206 A.2d 737 (1965), aff'd, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966).
*10 Within this analytical framework, it is apparent that defendant's due process argument implicates federal constitutional principles. See Boyde v. California, 494 U.S. 370, 380, 110 S.Ct. 1190, 1197-98, 108 L.Ed.2d 316, 329 (1990) (jury instruction is unconstitutional if it prevents the consideration of relevant evidence). Nevertheless, her claim is essentially predicated on New Jersey law. As noted in Coyle, a number of jurisdictions condone the use of sequential charges, 119 N.J. at 223, 574 A.2d 951, and it is not altogether clear that "acquittal first" instructions, even when given in murder cases where there is evidence of passion/provocation, are so erroneous under state law as to rise to the level of a federal constitutional violation. See Gilmore v. Taylor, 508 U.S. 333, 349, 113 S.Ct. 2112, 2121, 124 L.Ed.2d 306, 322 (1993) (O'Connor, J., concurring in the judgment). Given the underpinnings of the decision in Coyle, which are steeped in New Jersey's historical treatment of lesser-included offenses, see State v. Powell, 84 N.J. at 318, 419 A.2d 406, we are satisfied that this State's retroactivity rules should be applied.
In reaching that conclusion, we note one additional consideration. While it has been said that our rules on retroactivity are generally consistent with the most recent decisions of the United States Supreme Court, State v. Lark, 117 N.J. at 341, 567 A.2d 197, federal standards tend to be more restrictive in allowing defendants to rely on new holdings when collaterally attacking criminal judgments. See, e.g., Gilmore v. Taylor, 508 U.S. 333, 113 S.Ct. 2112, 124 L.Ed.2d 306; Lockhart v. Fretwell, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993); Graham v. Collins, 506 U.S. 461, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993); Wright v. West, 505 U.S. 277, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992); Stringer v. Black, 503 U.S. 222, 112 S.Ct. 1130, 117 L.Ed.2d 367 (1992); Sawyer v. Smith, 497 U.S. 227, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990); Saffle v. Parks, 494 U.S. 484, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990); Butler v. McKellar, 494 U.S. 407, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990); Penry v. Lynaugh, 492 U.S. 302, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989); Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Because we believe defendant's *11 claim implicates both federal and State constitutional principles, we conclude that if we are to err, we should err on the side of caution by applying the more liberal New Jersey standards in determining retroactivity.
Subject to the weighing process we will describe shortly, a case decided after a defendant's conviction and sentence has become final may not provide the basis for post-conviction relief if it announces a new rule of law. The threshold issue in a retroactivity analysis under our law is whether the case to be applied retroactively announced a new rule of law. State v. Burstein, 85 N.J. at 403, 427 A.2d 525. "The issue of retroactivity `never arises absent a new rule of law....'" State v. Harvey, 121 N.J. 407, 421, 581 A.2d 483 (1990) (quoting State v. Lark, 117 N.J. at 344, 567 A.2d 197 (Clifford, J., concurring in the judgment)), cert. denied, 499 U.S. 931, 111 S.Ct. 1336, 113 L.Ed.2d 268 (1991). "New rule" status does not turn on whether the case overruled a prior decision or whether it was a logical outgrowth of a prior holding. State v. DeSanto, 157 N.J. Super. 452, 458, 384 A.2d 1169 (Cty.Ct. 1978). New rules "`clear[ly] break with the past,'" and tend to "`disrupt[] a practice long accepted and widely relied upon....'" State v. Lark, 117 N.J. at 338, 567 A.2d 197 (quoting Milton v. Wainwright, 407 U.S. 371, 381-82 n. 2, 92 S.Ct. 2174, 2179 n. 2, 33 L.Ed.2d 1, 9 n. 2 (1972)).
Focusing on these characteristics, we recognize that Coyle is doctrinally consistent with prior decisions holding that trial courts should submit the question of passion/provocation manslaughter to the jury on request if an examination of the record discloses evidence satisfying the rational basis test, State v. Mauricio, 117 N.J. 402, 418, 568 A.2d 879 (1990); State v. Crisantos, 102 N.J. 265, 278, 508 A.2d 167 (1986); State v. Sinclair, 49 N.J. 525, 540, 231 A.2d 565 (1967), and even absent a request when the appropriateness of such an instruction is clearly indicated by the proofs, State v. Robinson, 136 N.J. 476, 489-92, 643 A.2d 591 (1994); State v. Choice, 98 N.J. 295, 299, 486 A.2d 833 (1985); State v. Powell, 84 N.J. at 318, 419 A.2d 406. At least from the vantage *12 point of twenty-twenty hindsight, it cannot fairly be said that these decisions were unlikely progenitors of Coyle or that they did not foreshadow a prohibition against sequential charges.
Equally clear, however, is the fact that Coyle was not dictated by precedent existing at the time of defendant's conviction. As the trial court properly noted, the model charge contained sequential instructions. Coyle plainly represents a sudden and generally unanticipated repudiation of a long-standing practice. In determining whether and to what extent Coyle is to be applied retroactively, we are influenced by "the degree of reliance placed on the old rule by those who administered it...." State v. Nash, 64 N.J. at 471, 317 A.2d 689. This analysis leads to the conclusion that Coyle was sufficiently novel and unanticipated to justify limiting the scope of the decision's retroactive application.[1]
Obviously, the Supreme Court is the final arbiter as to the reach of its decisions. However, the issue is before us. We do not write upon a blank slate. The Supreme Court has categorized available options for retroactivity in the following terms.
[W]e note that this Court has four options open to it in any decision involving retroactivity: (1) make the new rule of law purely prospective, applying it only to cases whose operative facts arise after the new rule is announced; (2) apply the new rule to future cases and to the parties in the case announcing the new rule, while applying the old rule to all other pending and past litigation; (3) grant the new rule limited retroactivity, applying it to cases in (1) and (2) as well as to pending cases where the parties have not yet exhausted all avenues of direct review; and, finally, (4) give the new rule complete retroactive effect, applying it to all cases, even those where final judgments have been entered and all avenues of direct review exhausted.
[State v. Burstein, 85 N.J. at 402-03, 427 A.2d 525; see also State v. Lark, 117 N.J. at 339, 567 A.2d 197; State v. Nash, 64 N.J. at 468-70, 317 A.2d 689.]
*13 The Court has weighed the following factors in determining which option to choose:
(1) the purpose of the rule and whether it would be furthered by a retroactive application, (2) the degree of reliance placed on the old rule by those who administered it, and (3) the effect a retroactive application would have on the administration of justice.
[State v. Lark, 117 N.J. at 339-40, 567 A.2d 197 (quoting State v. Nash, 64 N.J. at 471, 317 A.2d 689); cf. Fischer v. Canario, 143 N.J. 235, 244-245, 670 A.2d 516 (1996).]
Applying these factors, we are satisfied that a defendant who had exhausted all avenues of direct review prior to the announcement of Coyle should not receive the benefit of that decision in a collateral attack upon a final judgment of conviction. The purpose of the Coyle decision is to ensure that a jury fairly considers the lesser-included offense of passion/provocation manslaughter. While we recognize that sequential charges have the potential to foreclose such consideration, that danger is substantially diminished where the trial court has unequivocally instructed the jury to convict the defendant of passion/provocation manslaughter if it harbors a reasonable doubt the murder was committed in the heat of passion upon reasonable provocation. Given the degree of reliance placed by trial judges on the model charges, the duty of the jury to consider the instructions in their entirety, see, e.g., State v. Zola, 112 N.J. 384, 405-06, 548 A.2d 1022 (1988), cert. denied, 489 U.S. 1022, 109 S.Ct. 1146, 103 L.Ed.2d 205 (1989), and the potentially disruptive effect of full retroactivity, we are satisfied that the interests of finality outweigh any benefit that would be realized by application of Coyle to convictions affirmed on appeal prior to its announcement. State v. Lark, 117 N.J. at 343, 567 A.2d 197.
We previously noted that New Jersey's rules of retroactivity are more liberal than those applied by the federal courts. The United States Supreme Court has held that "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. at 301, 109 S.Ct. at 1070, 103 L.Ed.2d at 349. The Court has also concluded that, subject to two narrow exceptions, a case that is *14 decided after a defendant's conviction and sentence became final may not provide a basis for federal habeas corpus relief if it announces a new rule. Id. at 305-11, 109 S.Ct. at 1073-76, 103 L.Ed.2d at 352-56.
Although the analogy between federal habeas proceedings and our post-conviction relief remedy is imperfect, State v. Lark, 117 N.J. at 343, 567 A.2d 197, we add that our decision is consistent with the Supreme Court's holding in Gilmore v. Taylor, 508 U.S. 333, 113 S.Ct. 2112, 124 L.Ed.2d 306. There, the petitioner was convicted of murder by an Illinois jury. After his conviction became final, the petitioner sought federal habeas corpus relief on the grounds that the sequential instructions given by the trial court violated the Fourteenth Amendment's due process clause. The United States Court of Appeals for the Seventh Circuit granted relief on the basis of its decision in Falconer v. Lane, 905 F.2d 1129 (7th Cir.1990), which was decided eleven days after the petitioner filed his habeas petition and which held that the Illinois pattern jury instructions were unconstitutional because they allowed a jury to return a murder verdict without considering whether the defendant possessed a mental state supportive of a voluntary manslaughter verdict. Gilmore v. Taylor, 508 U.S. at 335-39, 113 S.Ct. at 2114-16, 124 L.Ed.2d at 313-16. The Supreme Court reversed on the ground that Falconer announced a "new rule" that should not have been applied to convictions that had become final prior to the date that decision was rendered. Id. at 344-45, 113 S.Ct. at 2119, 124 L.Ed.2d at 319-20.
We find Gilmore highly persuasive. In doing so, we do not diminish the importance of Coyle. The prohibition against sequential charges eradicates any potential that the jury might fail to consider a lesser-included offense supported by the evidence. Nevertheless, Coyle does not represent a "`watershed rule[] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Saffle v. Parks, 494 U.S. at 495, 110 S.Ct. at 1264, 108 L.Ed.2d at 429 (quoting Teague v. Lane, 489 U.S. at 311, 109 S.Ct. at 1076, 103 L.Ed.2d at 356); see also *15 Gilmore v. Taylor, 508 U.S. at 345, 113 S.Ct. at 2119, 124 L.Ed.2d at 320. Although Coyle expressed concern that sequential instructions might have some tendency to confuse a jury, its holding does not fall into that limited core of rules "`implicit in the concept of ordered liberty.'" Teague v. Lane, 489 U.S. at 311, 109 S.Ct. at 1076, 103 L.Ed.2d at 356 (quoting Mackey v. United States, 401 U.S. 667, 693, 91 S.Ct. 1171, 1180, 28 L.Ed.2d 388 (1971)).
Accordingly, the Law Division's order denying post-conviction relief is affirmed.
NOTES
[1] The novelty of the Coyle holding also leads us to reject defendant's argument that she was denied the effective assistance of counsel due to the failure of her trial and appellate attorneys to raise the Coyle issue at trial and on direct appeal. It cannot fairly be said that failure to anticipate the development of the rule announced in Coyle rendered the performance of defendant's attorneys objectively unreasonable. See Strickland v. Washington, 466 U.S. 668, 688-89, 104 S.Ct. 2052, 2064-65, 80 L.Ed.2d 674, 693-94 (1984); State v. Savage, 120 N.J. 594, 614, 577 A.2d 455 (1990); State v. Fritz, 105 N.J. 42, 52, 519 A.2d 336 (1987).