688 A.2d 1096

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
WILLIAM LAWTON, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 16, 1996—Decided February 25, 1997.

Before Judges PRESSLER, HUMPHREYS and WECKER.

*Susan Reisner*, Public Defender, attorney for appellant (*Diana H. Jeffrey*, Designated Counsel, on the brief).

*Charles R. Buckley*, Deputy Attorney General, Acting Bergen County Prosecutor, attorney for respondent (*Susan W. Sciacca*,

Special Deputy Attorney General, Acting Assistant Prosecutor, on the brief).

The opinion of the court was delivered by

HUMPHREYS, J.A.D.

Defendant appeals the denial of his motion for post-conviction relief. He asserts that his 1987 conviction for first degree murder and possession of a handgun should be vacated. He contends:

I. THE JURY INSTRUCTIONS WERE INHERENTLY CONFUSING, CONTRADICTORY, AND IMPERMISSIBLY SHIFTED THE BURDEN OF PROOF ONTO THE DEFENDANT, RESULTING IN PLAIN ERROR.

 A. Taken In Its Entirety, The Instruction Is Still Inherently Confusing And Contradictory, Even With The Re–Charge.

 B. The Trial Court Impermissibly Shifted the Burden Of Proof Onto The Defendant.

 C. The Flaws In The Jury Instruction And Re–Charge Were Prejudicial, Not Harmless.

II. THE REVIEWING COURT VIOLATED THE DEFENDANT'S RIGHT TO A FAIR TRIAL AND RIGHT TO CONFRONT WITNESSES WHEN IT DETERMINED THAT THE TRIAL COURT DID NOT ERR IN RESTRICTING CROSS EXAMINATION.

III. THE DOCTRINE OF COLLATERAL ESTOPPEL DOES NOT FORECLOSE POST CONVICTION REVIEW OF THE TRIAL COURT'S FAILURE TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSE OF RECKLESS MANSLAUGHTER.

IV. THE REVIEWING COURT'S CLAIM THAT ALL OF THE DEFENDANT'S ISSUES SHOULD BE BARRED BECAUSE THEY WERE NOT RAISED ON DIRECT APPEAL IS WITHOUT MERIT.

We asked the defendant to brief the issue of whether he was denied effective assistance of appellate counsel because the alleged flaws in the jury charge were not raised on direct appeal. In response to this request, defendant filed a letter brief in which he contends:

I. APPELLATE COUNSEL'S FAILURE TO RAISE ON APPEAL THE FLAWS IN THE JURY INSTRUCTIONS AMOUNTED TO INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF DEFENDANT'S 6TH AMENDMENT RIGHTS.

 A. The First Prong of the *Strickland–Cronic–Fritz* Test Can Be Satisfied: Counsel's Performance Was Deficient.

 B. Mr. Lawton Was Prejudiced By His Counsel's Deficient Performance.

1. The Jury Instructions Were Contradictory and Inherently Confusing.

2. In Its Instructions to the Jury, the Trial Court Improperly Shifted the Burden of Proof to the Defendant.

3. The Trial Court Impermissibly Instructed the Jury It Could Not Deliberate on the Manslaughter Charge Until After It First Deliberated the Murder Charge.

We conclude that errors in the charge to the jury caused a fundamental injustice and a deprivation of constitutional rights. We therefore reverse and remand for a new trial on the murder conviction. We do not reach the other issues raised by the defendant.

I

Defendant was beaten in a bar in 1986. He went home, got a handgun, went back to the bar, and shot and killed a person he thought was one of his assailants. Only ten minutes elapsed between the end of the beating and the shooting. The critical issue in the case was whether defendant acted in the heat of passion with reasonable provocation. If he did so act, the offense would be manslaughter, not murder.

The defendant was tried in 1987. The jury convicted the defendant of murder, contrary to *N.J.S.A.* 2C:11–3(a)(1). He was also convicted of possession of a handgun for unlawful purposes, contrary to *N.J.S.A.* 2C:39–4(a). He was sentenced to life imprisonment with thirty years parole ineligibility on the murder conviction and a concurrent seven year term on the handgun conviction. Another panel of the Appellate Division affirmed his convictions and sentences in an unreported opinion. His petition for certification was denied by the Supreme Court. *State v. Lawton,* 122 *N.J.* 152, 584 *A.*2d 221 (1990).

Thereafter, he filed a *pro se* petition for post-conviction relief ("PCR"). His petition was denied by an order entered in May 1992 on the ground that his claims had previously been adjudicated. The defendant appealed. We remanded for a hearing which

was held in July 1994. By an order dated August 1, 1994, his motion for PCR was again denied. He appeals from that order.

## II

The crucial issue in this case is whether defendant's crime was murder or manslaughter.

Former Chief Justice Weintraub defined voluntary manslaughter as

a slaying committed in a transport of passion or heat of blood induced by an adequate provocation, provided the killing occurs before the passage of time sufficient for an ordinary person in like circumstances to cool off. The common law deemed such circumstances to negate the malice required for murder. Involved is a concession to the frailty of man, a recognition that the average person can understandably react violently to a sufficient wrong and hence some lesser punishment is appropriate.

[*State v. Guido,* 40 *N.J.* 191, 209–10, 191 *A.*2d 45 (1963) (citations omitted).]

Under the New Jersey Code of Criminal Justice, a homicide which would otherwise be murder is manslaughter if it is "committed in the heat of passion resulting from a reasonable provocation." *N.J.S.A.* 2C:11–4(b)(2).

In *State v. Mauricio,* 117 *N.J.* 402, 568 *A.*2d 879 (1990), the Court said:

[p]assion/provocation manslaughter has four elements: the provocation must be adequate; the defendant must not have had time to cool off between the provocation and the slaying; the provocation must have actually impassioned the defendant; and the defendant must not have actually cooled off before the slaying. The first two criteria are objective, the other two subjective. If a slaying does not include all of those elements, the offense of passion/provocation manslaughter cannot be demonstrated.

[*Id.* at 411, 568 *A.*2d 879 (citations omitted).]

 Words alone do not constitute adequate provocation. *State v. Crisantos,* 102 *N.J.* 265, 274, 508 *A.*2d 167 (1986). A threat with a gun or a knife may constitute adequate provocation. *State v. Powell,* 84 *N.J.* 305, 320, 419 *A.*2d 406 (1980). A battery, except for a light blow, has traditionally been considered "almost as a matter of law," to constitute adequate provocation. *State v. Mauricio, supra,* 117 *N.J.* at 414, 568 *A.*2d 879. In *Mauricio,* the

Court concluded that where defendant had an altercation with a bouncer, was later forcibly evicted from a tavern, and then shot and killed a person he erroneously believed to be the bouncer some fifteen minutes later, a jury could reasonably find passion/provocation manslaughter. *Id.* at 415, 568 *A.*2d 879.

A battery unquestionably occurred in the present case. The defendant was severely beaten by perhaps as many as eight to ten persons. A police officer observed that the defendant's face was "swollen," an eye was apparently closed and his face appeared "deformed." The defendant's wife testified that he had been beaten so badly that the swelling in his face made his eyes appear "like they were sitting on the side of his head." The severity of the beating coupled with the defendant's committing the crime only ten minutes later offer strong support for the contention that this was a crime resulting from passion/provocation and therefore was manslaughter not murder.

When the evidence warrants a passion/provocation charge, as it certainly does here, the trial judge must charge the jury that the State bears the burden of proving beyond a reasonable doubt the absence of "passion/provocation." *State v. Heslop,* 135 *N.J.* 318, 322, 639 *A.*2d 1100 (1994); *State v. Erazo,* 126 *N.J.* 112, 135, 594 *A.*2d 232 (1991); *State v. Coyle,* 119 *N.J.* 194, 222, 574 *A.*2d 951 (1990); *State v. Grunow,* 102 *N.J.* 133, 145, 506 *A.*2d 708 (1986).

The Court stated in *State v. Heslop, supra:*

[w]e have held that if a court fails to indicate *clearly* that the burden is on the State to prove beyond a reasonable doubt that a defendant did not act with passion or provocation, such a failure will constitute error.

[135 *N.J.* at 322, 639 *A.*2d 1100 (emphasis added).]

In *State v. Grunow, supra,* the Court disapproved of the then model charge, which read as follows:

[i]f you are satisfied beyond a reasonable doubt that the defendant knowingly or purposely caused the victim's death, but you have a reasonable doubt as to whether he did so in the heat of passion upon a reasonable provocation, then you must find the defendant guilty of manslaughter.

[102 *N.J.* at 145, 506 *A.*2d 708]

The Court noted that:

> this form of charge, by not expressly referring to the burden of proof, may inadequately convey to the jury that the prosecution must prove beyond a reasonable doubt every fact necessary to constitute the crime of murder, including the absence of reasonable provocation. The model jury charge should be revised to conform more closely to *Powell* and the dictates of *Mullaney v. Wilbur*, 421 *U.S.* 684, 95 *S.Ct.* 1881, 44 *L.Ed.*2d 508 (1975).
>
> [*Id.* at 145 n. 5, 506 *A.*2d 708; *see State v. Erazo, supra,* 126 *N.J.* at 122, 594 *A.*2d 232 (also disapproving the charge).]

██ Additionally, the trial judge must be careful not to suggest to the jury that "the defendant bears a burden to prove beyond a reasonable doubt the presence of reasonable provocation." *State v. Grunow, supra,* 102 *N.J.* at 145, 506 *A.*2d 708. For this reason, the trial judge must not charge the jury in a sequence which may foreclose the jury from considering passion/provocation during its deliberations on the murder charge and which may also indicate that the jury could find passion/provocation manslaughter only if it first acquits the defendant of murder.

The trial judge in *Erazo* gave a sequential charge. The judge had instructed the jury that it should first consider whether the defendant was guilty of murder and *then* consider the manslaughter charge.

This error was described by the Supreme Court in *Erazo* as follows:

> [t]his part of the charge contained two errors. First, the instruction had the capacity to confuse the jurors about the elements of knowing or purposeful murder. As explained above, when a defendant places passion/provocation in issue, the State, to prove a knowing or purposeful murder, must prove beyond a reasonable doubt that the defendant did not act from passion aroused by reasonable provocation. Hence, the initial problem with the charge is that it may have foreclosed the jury from considering passion/provocation during its deliberations on the murder count. Second, the court erroneously instructed the jury that it could find passion/provocation manslaughter only if it first acquitted defendant of knowing or purposeful murder. *This instruction is backwards.* Only a homicide that would otherwise be a knowing or purposeful murder may be reduced to manslaughter by the presence of passion/provocation. If, on retrial, the court should again give a sequential charge, it should make clear both that the absence of passion/provocation is an element of murder on which the State bears the burden of proof and that

the jury may convict defendant only of manslaughter when the homicide would have been murder but for the existence of passion/provocation.

[*Id.* at 125–26, 594 A.2d 232 (emphasis added).]

The trial judge in *Erazo* also erred by giving the charge disapproved in *Grunow.* The trial judge charged:

[s]o if you're satisfied beyond a reasonable doubt that the defendant caused the decedent's death under circumstances that would [otherwise] be murder but was committed in the heat of passion, then you may return a verdict of guilty of manslaughter.

[*State v. Erazo, supra,* 126 *N.J.* at 122, 594 A.2d 232.]

The Supreme Court concluded in *Erazo* that "a fair reading [of the charge] leads to the conclusion that the charge erroneously placed on defendant the burden of proving passion/provocation. This error requires reversal." *Ibid.*

The State argued in *Erazo,* as it does here, that earlier instructions to the jury cured the errors. The trial court had instructed the jury earlier in the charge that "the burden of proof was on the State.... [T]hat burden never shifts and it remains on the State throughout the whole case, so no burden with respect to proof is imposed upon the defendant.... He is not obligated to prove his innocence." *Ibid.*

The Court in *Erazo* rejected the State's argument and reasoned "that the general statement, although accurate, lacks the muscle to shift to the State the burden to disprove passion/provocation. At best, the charge was contradictory." *Ibid.* Accordingly, the Court found the charge to be "inherently inadequate." *Ibid.*

The charge in the present case suffers from the same infirmities as the charges in *Grunow, Erazo, Coyle* and *Heslop.* The judge did not charge the jury that the State had the burden of proving that the defendant did not act from passion/provocation. The judge did not charge that the State's burden on this issue was proof beyond a reasonable doubt. The judge's initial charge was erroneously sequential. The charge disapproved of in *Grunow* was charged in this case. The judge's attempt at a curative charge fell considerably short of correcting his error.

The cumulative impact of these errors was likely to cause confusion in the jurors' minds and also to suggest to the jury that the defendant, not the State, had the burden of proof on the issue of passion/provocation.

The judge in this case charged:

[i]f after consideration of all the evidence you are convinced beyond a reasonable doubt that the Defendant either purposely or knowingly caused the death of the victim then your verdict should be guilty. If, however, after consideration of all the evidence you find that the State has failed to prove each and every element of the offense your verdict should be not guilty.

As I have said to you before, although the crime of manslaughter is not mentioned in the Indictment you have a right and a duty to consider that offense.

A homicide which would otherwise be murder is manslaughter when the killing is committed in the heat of passion, resulting from a reasonable provocation.

This charge is the erroneous sequential charge disapproved in *Grunow* and *Erazo*. The judge later compounded this error by charging:

[i]f you are not satisfied beyond a reasonable doubt that the Defendant did, in fact, cause the victim's death or that the Defendant acted purposely or knowingly then you must find the Defendant guilty of murder. If, however, you're satisfied beyond a reasonable doubt that the Defendant knowingly, purposely caused the victim's death but you have a reasonable doubt as to whether he did so in the heat of passion upon a reasonable provocation you shall find the Defendant guilty of manslaughter. If you are convinced beyond a reasonable doubt that the Defendant knowingly or purposely caused death or serious bodily injury resulting in death without acting in the heat of passion upon reasonable provocation then you must find the Defendant guilty of murder.

The first sentence in the above charge was plainly wrong. If the jury is *not* satisfied beyond a reasonable doubt that the defendant caused the victim's death or acted purposely or knowingly, then a not guilty verdict is required, not a guilty verdict.

The second sentence in the above portion of the charge is the charge disapproved in *Grunow* and *Erazo*. The three sentences when read together are clearly confusing and misleading.

These errors were further compounded by the verdict form and the judge's description of it. The judge told the jury:

[t]he first part of the verdict form has to do with the question of murder or manslaughter. If you read it you will see that it will indicate that on or about March 19th, 1986, William Lawton did cause the death or serious bodily injury

resulting in the death of Steven Stack either purposely or knowingly. If it's a unanimous verdict that he purposely or knowingly caused that death[ ] you check the space marked guilty. If you find that the State has failed to prove the elements of the offense beyond a reasonable doubt then you check[ ] the space under the words not guilty.

*Then you proceed[ ] to consider manslaughter*, that, on or about March 19th, 1986, William Lawton did cause death or serious bodily injury resulting in the death of Steven Stack while in the heat of passion resulting from a reasonable provocation. If you find that that is the situation[ ] in this case, that he caused the death while in the heat of passion and as a result of a reasonable provocation you check the box[ ] marked guilty. If you find that the State has failed to prove that type of homicide beyond a reasonable doubt then you check not guilty.

[ (emphasis added).]

The verdict form and the judge's description of the form repeated the sequential error in the judge's charge. Defense counsel objected, saying:

If they find a knowing and purposeful killing but they have a reasonable doubt as to passion or provocation, then they could find the defendant guilty of manslaughter.

The judge responded: "I said that in the charge."

Defense counsel replied:

I know you did, I'm just saying as far as the form is concerned, they should be carefully instructed as to that because it's most important. Otherwise, if they just address themselves to the first charge of murder, they may very well believe once they have found serious bodily injury or death or death resulting from serious bodily injury knowing or purposely, that's the end of the case and that's why I think it's most important that they be—

The judge interjected: "You may have a point there. I did say it in the charge."

Defense counsel replied: "I know you did Judge, only because the way law is written insofar as manslaughter is concerned[.]"

The judge agreed that he "may have misled" the jury with the form. "They may think that they must find heat of passion beyond a reasonable doubt. They don't have to do that at all." The judge said he would not give the jury the verdict form and he would recharge the jury.

The jury returned to the courtroom and the judge charged them as follows:

> There's been some suggestion that I may have, and it's possible, that I may have misled you with respect to manslaughter, the manslaughter phase. Let's go back. Now, remember, the first charge is murder. If you find that the State[ ] has proven beyond a reasonable doubt all of the elements of the crime of murder which means that the killing was purposely and knowingly and you find nothing else and if you find that the State has proven that beyond a reasonable doubt *and you find the absence of any heat of passion or provocation then you must find the Defendant guilty.*
>
> Now, if, however, in examining the facts and circumstances of this case you find that there was an unlawful killing of a person knowingly and/or purposely and you find in considering either heat of passion and provocation that you have a reasonable doubt as to whether it was heat of passion or provocation then you cannot find the Defendant guilty of murder, you must find the Defendant guilty of manslaughter. Do you understand that? Do you understand that, Mr. Foreman, when you discuss this? If there's some doubt in your minds as to heat of passion or provocation it cannot be murder. Reasonable doubt, not just any kind of doubt. Do you understand that?
>
> [ (emphasis added).]

The above charge ameliorated to some extent the judge's error in originally using a sequential charge. However, this attempted curative charge still did not place the burden of proof on the State to prove the absence of passion/provocation beyond a reasonable doubt. *See State v. Heslop, supra,* 135 *N.J.* at 322, 639 *A.*2d 1100; *State v. Erazo, supra,* 126 *N.J.* at 121–22, 594 *A.*2d 232; *State v. Grunow, supra,* 102 *N.J.* at 145, 506 *A.*2d 708; *State v. Powell, supra,* 84 *N.J.* at 315, 419 *A.*2d 406.

■ Clearly, the charge in this case suffered from multiple errors. Two errors were especially egregious. The jury was never advised that the State had the burden of disproving passion/provocation in order to sustain a conviction for murder. The absence of this charge, and the erroneous sequential nature of the initial charge could readily have led the jury to conclude that the defendant had to prove the existence of passion/provocation, thereby impermissibly shifting the burden of proof from the State to the defendant. *State v. Erazo, supra,* 126 *N.J.* at 121–22, 594 *A.*2d 232; *State v. Grunow, supra,* 102 *N.J.* at 144–45 & n. 5, 506 *A.*2d 708.

The Supreme Court in *State v. Heslop, supra,* stated that where:

those two errors, [ (1) the failure to charge that the State has the burden of disproving passion/provocation and (2) the sequential charge,] occur in combination and are left unmitigated by curative instructions, then the conclusion that the errors were seriously prejudicial is difficult to resist. That proposition is especially applicable when the record contains strong evidence of passion/provocation such that had a jury been able fully to understand the significance of that evidence in light of correct instructions, the evidence would likely have persuaded the jury.

[135 *N.J.* at 322, 639 *A.*2d 1100.]

In *Heslop*, the majority of the Supreme Court found that the evidence of passion/provocation in that case was not strong and therefore the conviction should not be reversed. The Court said that considering the charge as a whole, the possibility that a jury might have been "led to believe that the defendant ha[d] the burden to prove the presence of passion/provocation" was "attenuated." *Id.* at 324, 639 *A.*2d 1100. The majority found that the evidence of passion/provocation was not "overwhelming" and that fairly viewed "the evidence suggest[ed] that ... [the murder was not] an act of passion/provocation manslaughter" but instead militated strongly against the "actuality of prejudice that may have emanated from the somewhat maladroit instructions on that charge." *Id.* at 327, 639 *A.*2d 1100.

The majority in *Heslop* concluded that "a review of the factual record does not suggest the likelihood that the court's explanation of the law of murder and manslaughter, the manner in which the jury's deliberations should progress, and the State's burden of proof resulted in or contributed to an improper verdict." *Id.* at 328, 639 *A.*2d 1100.

In the present case, the record does not give that reassurance. Here, the issue of murder or passion/provocation manslaughter is close. If the jury had been properly charged, the likelihood of a manslaughter verdict would have been substantially increased. Consequently, the charge here was reversible error.

### III

The State concedes that the issues raised as to the judge's charge are not subject to the procedural bar of *R.* 3:22-4. This is

because the issues are of constitutional dimension and involve claims of fundamental injustice. *See R.* 3:22–4(b), (c).

Nevertheless, the State cites *State v. Cupe*, 289 *N.J.Super.* 1, 8, 672 *A.*2d 1233 (App.Div.), *certif. denied*, 144 *N.J.* 589, 677 *A.*2d 761 (1996), for the proposition that the prohibition against sequential jury charges in passion/provocation cases will not be applied to defendants who have exhausted their right to direct review. However, unlike *Cupe*, the jury charge in the present case not only was erroneously sequential but also suffered from other serious errors, especially the failure to charge that the State has the burden of disproving passion/provocation. Hence, we find *Cupe* to be inapplicable to the present case.

Further, these other serious errors in the charge had been identified as defects in *State v. Powell*, *supra*, 84 *N.J.* at 315, 419 *A.*2d 406, and *State v. Grunow*, *supra*, 102 *N.J.* at 145, 506 *A.*2d 708. Both of these cases were decided before the trial in the present case. Consequently, these defects are not "new law" and therefore are not subject to retroactivity analysis. *See State v. Burgess*, 298 *N.J.Super.* 254, 689 *A.*2d 730 (App.Div.1997) (both majority and dissenting opinions).

In sum, the errors here are serious defects in a jury charge. The errors severely infringe the defendant's constitutional right to a fair trial. The errors also directly impact on the defendant's guilt or innocence of the crime for which he was convicted. If the jury had been properly instructed, the jury in this close case could have readily concluded that the State had not met its burden of disproving beyond a reasonable doubt that the defendant acted in the heat of passion and with reasonable provocation. The defendant, a person with no criminal history, must spend thirty years in jail on what may well have been a manslaughter not a murder. We are satisfied that a fundamental injustice has occurred having constitutional implications. Hence, the murder conviction must be reversed. *See State v. Mitchell*, 126 *N.J.* 565, 548–85, 601 *A.*2d 198 (1992); *R.* 3:22–4(b), (c).

In view of our decision, the issue of ineffective assistance by appellate counsel is now moot. The other·contentions raised by the defendant are without merit and do not warrant discussion in a written opinion. *See R.* 2:11–3(e)(2).

■ The defendant testified and admitted that he shot the victim. The only real issue is whether the offense is murder or manslaughter. The State may therefore elect to consent to the entry of a judgment of manslaughter in lieu of a retrial. *See State v. Washington,* 60 *N.J.* 170, 173, 287 *A.*2d 1 (1972); *State v. Alexander,* 215 *N.J.Super.* 522, 531, 522 *A.*2d 464 (App.Div.1987). If the State does so consent, the judge should conduct a new sentencing proceeding.

The judgment of conviction is reversed and the case is remanded for further proceedings consistent with this opinion.