**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0612-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

STEPHEN WALTON,

     Defendant-Appellant.

_____

Submitted October 22, 2019 – Decided November 1, 2019

Before Judges Hoffman and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Municipal Appeal No. 18-008.

Terry Webb, attorney for appellant.

Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (Kimberly Lauren Tolentino, Assistant Prosecutor, and John McNamara, Jr., Chief Assistant Prosecutor, on the briefs).

PER CURIAM

Defendant Stephen Walton appeals from a Law Division order, entered after de novo review of the decision of the Randolph Municipal Court, denying his application for post-conviction relief (PCR) from a 1985 conviction for driving while intoxicated (DWI), N.J.S.A. 39:4-50, under State v. Laurick, 120 N.J. 1 (1990). Based on our Supreme Court's recent decision in State v. Patel, ___ N.J. ___, ___ (2019) (slip op.) and the reasons that follow, we vacate the order under review and remand for further proceedings consistent with Patel.

I.

On July 15, 1985, police charged defendant with his first DWI. On August 22, 1985, defendant appeared in the Randolph Municipal Court and pleaded guilty to his first DWI conviction. At the time, according to his PCR certification and a limited municipal court record, defendant was not represented by counsel nor was he advised of his right to counsel, or that counsel would be provided for him if he could not afford it. In addition, he claims he was indigent and homeless at the time of his initial DWI proceedings.

According to his New Jersey Motor Vehicle abstract, defendant was convicted of a second DWI on December 28, 1988, and a third on January 17, 1990. Following his third DWI conviction, defendant received the mandatory warnings regarding penalties for any subsequent convictions of DWI.

A-0612-18T3

On March 11, 2017, police in Morristown charged defendant with a fourth DWI. This resulted in defendant filing a motion for PCR in the Randolph Municipal Court, seeking <u>Laurick</u> relief. <u>See</u> <u>Laurick</u>, 120 N.J. at 16. The motion sought an order directing defendant's first DWI conviction "not be used in subsequent proceedings as defendant was not represented by counsel." The municipal court judge denied defendant's motion. Defendant then appealed to the Law Division.

On June 26, 2018, the Law Division judge heard argument on defendant's appeal. The judge first found that <u>Laurick</u> required relaxation of the PCR time-bar under <u>Rule</u> 7:10-2(b)(2). Next, based on defendant's certification and the record before him, the judge found defendant did not have counsel present at the time of his first plea to DWI nor did the court advise defendant of his right to have counsel appointed for him. The judge also assumed defendant's indigent status during the 1985 DWI proceedings based on defendant's certification. Nevertheless, the judge concluded defendant did not satisfy his burden under applicable law because his petition failed to "set forth any allegation that defendant had a defense to the DWI charge and the outcome would in all likelihood have been different if he had representation," citing our decision in <u>State v. Bringhurst</u>, 401 N.J. Super. 421 (App. Div. 2008).

A-0612-18T3

Defendant filed a motion for reconsideration, which the Law Division judge denied on September 27, 2019. This appeal followed.

Defendant presents the following point of argument:

POINT I

> [DEFENDANT'S] PRIOR UNCOUNSELED DWI CONVICTION SHOULD NOT BE USED TO ENHANCE THE PENALTY OF HIS SUBSEQUENT DWI CONVICTION PURSUANT TO LAURICK AND LONGSTANDING NEW JERSEY LEGAL TRADITION OF PROTECTING THE RIGHTS OF INDIGENTS.

II.

Defendant argues the Law Division erred by denying his request for PCR. He contends his certification established his first DWI conviction was secured while he was indigent and the municipal court did not advise him of – nor did he understand – the full panoply of rights regarding representation by counsel. While we are convinced the Law Division judge correctly denied PCR based upon the applicable law at the time, after his decision, our Supreme Court decided State v. Patel, ___ N.J. ___, ___ (2019) (slip op.) on August 7, 2019. Relevant to this appeal, the Court held:

> [W]hen notice of the right to counsel is not given in DWI cases, to obtain the special form of relief recognized in Laurick, neither indigent nor non-indigent defendants should be required to establish that the outcome of the proceeding would have been

> different had they been given the opportunity to retain
> counsel or secure appointed counsel.
>
> [Patel, slip op. at 24.]

In a supplemental brief addressing Patel, the State concedes we should accord pipeline retroactivity to the Court's decision. The prospective-retroactive application inquiry involves two-steps. First, we address "whether the decision constitutes a 'new rule', that is, whether it 'breaks new ground or imposes a new obligation on the State or the Federal Government . . . [or] if the result was not dictated by precedent existing at the time the defendant's conviction became final.'" State v. Johnson, 166 N.J. 523, 546 (2001) (alteration in original) (quoting State v. Knight, 145 N.J. 233, 250-51 (1996)). Stated otherwise, a decision is deemed a new rule for retroactivity purposes if there is a "sudden and generally unanticipated repudiation of long-standing practice." State v. Afanador, 151 N.J. 41, 58 (1997) (citing State v. Cupe, 289 N.J. Super. 1, 12 (App. Div. 1996)). Here, the Court's decision in Patel substantively changed the standard for those seeking relief under Laurick, therefore, we conclude the decision constitutes a new rule.

Second, when a decision sets forth a new rule, three factors are considered in determining whether to give the rule retroactive effect: "'(1) the purpose of the rule and whether it would be furthered by a retroactive application, (2) the degree of reliance placed on the old rule by those who administered it, and (3) the effect a

5

retroactive application would have on the administration of justice.'" Johnson, 166 N.J. at 546-47 (quoting State v. Nash, 64 N.J. 464, 471 (1974)). If the weight of these factors warrants the retroactive application of a new rule, we can apply it in one of four ways:

> "(1) purely prospectively . . . to cases in which the operative facts arise after the new rule has been announced; (2) in future cases and in the case in which the rule is announced, but not in any other litigation that is pending or has reached final judgment at the time the new rule is set forth; (3) pipeline retroactivity, rendering it applicable in all future cases, the case in which the rule is announced, and any cases still on direct appeal; and (4) complete retroactive effect . . . to all cases."
>
> [State v. Henderson, 208 N.J. 208, 301-02 (2011) (internal quotations omitted) (citing Knight, 145 N.J. at 249).]

Because defendant's appeal remained pending when the Court decided Patel, pipeline retroactivity entitles defendant to have his PCR application decided under the new standards adopted therein. Since defendant's appeal involves direct review of an adverse determination of a Laurick petition, we decline to address whether retroactive application to collateral matters is appropriate in every case. See State v. Dock, 205 N.J. 237, 243 (2011).

The State now urges this court

> to remand this matter back to the Law Division so that the parties may fully now address whether the defendant met his burden as now established by Patel

6

to demonstrate that (1) he was not advised and did not know of his right to appointed counsel, (2) he was entitled to the appointment of counsel under the applicable financial means test, R. 7:3-2(b), and (3) had he been properly informed of his rights, he would have accepted appointed counsel.

Defendant's supplemental brief requests that we reverse the decision of the Law Division and grant Laurick relief, because defendant already established his burden under Patel. However, since the Law Division judge assumed, for the purpose of his decision, that defendant had demonstrated his indigent status, we agree with the State that a remand to the Law Division is appropriate so that the parties can fully address all relevant issues with the guidance provided by the Court in Patel.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0612-18T3