# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3931-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

W.L.,

     Defendant-Appellant.

_____

          Submitted September 16, 2019 – Decided October 7, 2019

          Before Judges Messano and Vernoia.

          On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 08-05-0808.

          Joseph E. Krakora, Public Defender, attorney for appellant (John Vincent Molitor, Designated Counsel, on the brief).

          Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant W.L.[1] appeals from an order denying his post-conviction relief (PCR) petition challenging his 2010 convictions following a jury trial for first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a), second-degree sexual assault, N.J.S.A. 2C:14-2(b), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). Based on our review of the record, we are convinced the PCR court correctly found defendant's petition is time-barred under Rule 3:22-12(a)(1), defendant failed to establish either excusable neglect or that enforcement of the time-bar will result in a fundamental injustice, R. 3:22-12(a)(1)(A), and defendant failed to present a prima facie case of ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), and State v. Fritz, 105 N.J. 42 (1987). We therefore affirm.

I.

We set forth facts supporting defendant's convictions in our decision on his direct appeal, State v. W.L., No. A-4938-09 (App. Div. Mar. 15, 2013) (slip op. at 3-11), and briefly summarize the pertinent facts here. In January 2008, defendant resided with his wife, Miranda; their twenty-month-old daughter; Miranda's eight-year-old daughter Sarah; and Miranda's grandmother Marjorie.

---

[1] We employ initials and pseudonyms to protect the victim's privacy.

On January 4, 2008, Sarah played with two other children in the family's living room. Marjorie entered the room and was told by the other children "that defendant took Sarah upstairs because '[h]e wanted to show her something.'" Id. at 4. Marjorie went upstairs, saw the door to defendant's and Miranda's bedroom door was closed, and "saw no light coming from beneath the closed door." Ibid. Marjorie opened the door, turned the light on and saw defendant "roll[] off his bed onto the floor." Ibid. "Sarah was on the bed under the covers." Ibid. Defendant said he was "looking for directions to assemble a telescope." Ibid. Marjorie took Sarah downstairs. Ibid.

That evening Sarah told Marjorie "defendant was going to put something in [her] mouth" and he "touch[ed] [her] down there." Ibid. Sarah said she was "afraid" to report what occurred and "defendant told her that it was their secret." Id. at 5. The following day, Miranda and Marjorie reported the incident to their priest, who later reported it to the police. Ibid.

On January 11, 2008, a Middlesex County Prosecutor's Office detective interviewed Sarah. Ibid. A video recording of the interview was played for the jury at trial. Ibid. Sarah testified at trial and detailed four separate incidents during which she was sexually molested and assaulted by defendant. Id. at 6-7.

A-3931-17T1

David Rottman testified that during time he spent with defendant in jail, defendant said that "on two occasions . . . 'he stuck his thing in [Sarah's] mouth.'" Id. at 6. Rottman also testified that defendant said the "'grandmother . . . found out[,]' when '[s]he walked in when [he and Sarah] were in the room.'" Ibid.

Defendant testified at trial, denied Sarah's allegations, and explained that on January 4, 2008, he brought Sarah upstairs to show her a telescope as a surprise and told her to "'close her eyes and open her mouth[,]' intending to give her a candy truffle." Id. at 8. He also explained he shut off the light in the bedroom because his eyes did not "focus in the light the same as in the dark." Ibid.

The jury convicted defendant of first-degree aggravated sexual assault, second-degree sexual assault, and second-degree endangering the welfare of a child. On February 19, 2010, the court sentenced defendant and entered a judgment of conviction. On defendant's direct appeal, we affirmed his convictions and remanded for resentencing. Id. at 30. The Supreme Court denied defendant's petition for certification. State v. W.L., 216 N.J. 8 (2013). The trial court resentenced defendant and entered an amended judgment of conviction on July 3, 2013.

A-3931-17T1

On June 27, 2017, more than seven years after entry of the original judgment of conviction, defendant filed a pro se PCR petition. Defendant's assigned counsel filed an amended PCR petition and a twenty-nine-page supporting brief. The court heard argument, found Rule 3:22-12(a)(1) requires the filing of a PCR petition no more than five years after entry of the judgment of conviction, and determined defendant's petition was time-barred because it was filed seven years and four months after entry of the February 19, 2010 judgment of conviction. The court further found defendant was not entitled to a relaxation of the five-year time-bar under Rule 3:22-12(a)(1)(A) because he did not present evidence demonstrating either excusable neglect or that enforcement of the time-bar would result in a fundamental injustice. The court rejected defendant's claim that the PCR petition was timely under Rule 3:22-12(a)(1) because it was filed within five years of the entry of the amended judgment of conviction.

Although the court found the petition was time-barred, it also addressed and rejected defendant's claim he was entitled to PCR because his trial counsel was ineffective. The court noted defendant claimed his counsel was ineffective by failing to object to: the prosecutor's cross-examination of defendant about sex toys found in defendant's bedroom; admission of the portions of the

recording of Sarah's interview during which she referred to defendant striking Miranda; the prosecutor's disparaging remarks concerning defense counsel's cross-examination of Sarah; and an investigator's testimony that defendant "invoked his right to defense."

The court explained that the testimony and prosecutor's comments were challenged on defendant's direct appeal, and this court determined that neither deprived defendant of a fair trial. The court also found defendant could not relitigate the issues because they had been addressed on direct appeal, R. 3:22-5, and defendant otherwise failed to demonstrate that but for his trial counsel's alleged errors, there was a reasonable probability the result of his trial would have been different. The court found defendant did not establish a prima facie case of ineffective assistance of counsel and entered an order denying defendant's PCR petition without an evidentiary hearing. This appeal followed.

On appeal, defendant offers the following arguments for our consideration:

> POINT I
>
> THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE CSAAS EVIDENCE DEPRIVED DEFENDANT OF HIS RIGHT TO A FAIR TRIAL.

A-3931-17T1

POINT II

PCR COUNSEL WAS INEFFECTIVE BECAUSE HE DID NOT OFFER ANYTHING DURING ORAL ARGUMENT[.]

POINT III

THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF AND REMAND THE MATTER FOR AN EVIDENTIARY HEARING[.]

A. DEFENDANT'S TRIAL ATTORNEY FAILED TO OBJECT TO THE PROSECUTOR'S REFERENCE TO "SEX TOYS"[.]

B. DEFENDANT'S TRIAL ATTORNEY SHOULD HAVE OBJECTED TO THE PROSECUTOR'S DECISION TO COMPEL DEFENDANT TO CHARACTERIZE [SARAH] AS A LIAR[.]

C. DEFENDANT'S TRIAL ATTORNEY DID NOT CHALLENGE THE ADMISSION OF BAD ACTS EVIDENCE AND DID NOT DEMAND A CURATIVE INSTRUCTION[.]

D. DEFENDANT'S TRIAL ATTORNEY SHOULD NOT HAVE PERMITTED THE PROSECUTOR TO DISPARAGE HIM AND HIS ARGUMENT[.]

E. DEFENDANT'S TRIAL ATTORNEY SHOULD NOT HAVE [PERMITTED] THE PROSECUTOR TO ELICIT TESTIMONY ABOUT DEFENDANT'S DECISION TO INVOKE HIS RIGHT AGAINST SELF-INCRIMINATION [.]

II.

We "conduct a de novo review" of the court's order because it denied defendant's PCR petition without an evidentiary hearing. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div.) (quoting State v. Harris, 181 N.J. 391, 421 (2004)), certif. denied, 236 N.J. 35 (2018). Under that standard, we first address the court's determination that the petition is time-barred under Rule 3:22-12(a)(1). Defendant does not challenge the court's conclusion that he failed to timely file his petition as required under the Rule and did not present any evidence showing either excusable neglect or a fundamental injustice permitting a late filing under Rule 3:22-12(a)(1)(A). Thus, defendant has waived any claim that the court erred by dismissing the PCR petition because it is time-barred. See Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008) (explaining that an issue not briefed on appeal is waived).

Nonetheless, we have reviewed the record and are satisfied the court correctly determined that defendant's PCR petition is time-barred under Rule 3:22-12(a)(1)(A). In pertinent part, the Rule provides that:

> no petition shall be filed pursuant to this rule more than 5 years after the date of entry . . . of the judgment of conviction that is being challenged unless:
>
> (A) it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that

> there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice….

> [R. 3:22-12(a)(1)].

The prescribed five-year period "commences when the judgment of conviction is entered and is generally neither stayed nor tolled by an appellate or other proceeding." State v. Murray, 162 N.J. 240, 249 (2000).

Defendant filed his petition more than seven years after his February 19, 2010 judgment of conviction. He argued before the PCR court that the petition was timely because it was filed within five years of the July 3, 2013 amended judgment of conviction entered after his resentencing. The court correctly rejected the argument because "a petition for [PCR] must be filed within five years of entry of the judgment memorializing the conviction even if further trial proceedings relating to the sentence are conducted during the interim period." State v. Dugan, 289 N.J. Super. 15, 20 (App. Div. 1996); see State v. Cann, 342 N.J. Super. 93, 102 (App. Div. 2001) (noting that "in considering [Rule 3:22-12(a)(1)]'s time-bar, the date of the judgment of conviction controls even if there are subsequent sentencing proceedings"). Thus, defendant's PCR petition was filed beyond Rule 3:22-12(a)(1)'s five-year time-bar.

9

A court may review a PCR petition filed more than five years after the date of the judgment of conviction in the narrow circumstance where the petition "alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice." R. 3:22-12(a)(1)(A). To satisfy the Rule's requirements, "[t]he petition itself must allege the facts relied on to support the claim." State v. Mitchell, 126 N.J. 565, 577 (1992).

Defendant's submissions to the PCR court are bereft of any facts showing excusable delay for the late filing of his petition. Indeed, defendant did not address the late filing of his petition in any manner other than by erroneously arguing it was filed within five years of the entry of the amended judgment of conviction. "Ignorance of the law and rules of court does not qualify as excusable neglect," State v. Merola, 365 N.J. Super. 203, 218 (Law Div. 2002) (citing Murray, 162 N.J. at 246), aff'd o.b., 365 N.J. Super. 82, 84 (App. Div. 2003), and an otherwise untimely PCR petition "is time-barred if it does not claim excusable neglect, or allege the facts relied on to support that claim," Cann, 342 N.J. Super. at 101-02 (citing Mitchell, 126 N.J. at 577); accord State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009) ("[T]o overcome the

procedural bar in [Rule] 3:22-12, defendant must show that the delay in filing the PCR petition was attributable to excusable neglect.").

Defendant also failed to establish there is a reasonable probability that enforcement of the time-bar would result in a fundamental injustice. R. 2:22-12(a)(1)(A). There is a fundamental injustice "when the judicial system has denied a 'defendant with fair proceedings leading to a just outcome' or when 'inadvertent errors mistakenly impacted a determination of guilt or otherwise wrought a miscarriage of justice.'" State v. Nash, 212 N.J. 518, 546 (2013) (quoting Mitchell, 126 N.J. at 587). Thus, to satisfy the fundamental-injustice prong of the Rule 2:22-12(a)(1)(A) standard, a defendant "must make 'some showing' that an error or violation 'played a role in the determination of guilt.'" Id. at 547 (quoting State v. Laurick, 120 N.J. 10, 13 (1990)). Defendant made no such showing here.

We are therefore satisfied the court correctly denied the PCR petition as untimely under Rule 2:22-12(a)(1) and that defendant did not present any facts permitting a late filing of the petition under Rule 2:22-12(a)(1)(A). As noted, defendant does not argue to the contrary. For those reasons alone, we affirm the court's denial of defendant's petition.

11

We also are convinced the record required a denial of the petition for the separate but equally dipositive reason that defendant failed to present facts establishing a prima facie case of ineffective assistance of counsel under the Strickland standard. Under Strickland, a defendant first must show that his or her attorney's handling of the matter "fell below an objective standard of reasonableness." 466 U.S. at 687-88. A defendant also must show that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A defendant must establish both prongs of the standard to obtain a reversal of the challenged conviction. Id. at 687; Nash, 212 N.J. at 542.

Defendant argues his trial counsel was ineffective by failing to object to the prosecutor's closing argument that was critical of defense counsel's cross-examination of Sarah. Defendant also claims his counsel was ineffective by failing to object to the prosecutor's cross-examination of defendant about sex toys found in his bedroom, defendant's opinion about the veracity of Sarah's statements, and defendant's relationship with a woman who was not his wife; Sarah's statements in the recorded interview that defendant struck Miranda in the past; and a police officer's testimony that defendant "invoked his right to a defense."

A-3931-17T1

"Although a demonstration of prejudice constitutes the second part of the Strickland analysis, courts are permitted leeway to choose to examine first whether a defendant has been prejudiced . . . and if not, to dismiss the claim without determining whether counsel's performance was constitutionally deficient." State v. Gaitan, 209 N.J. 339, 350 (2012). We follow that approach here.

Defendant argues that his trial counsel was ineffective by failing to object to the same prosecutor's statements and witness testimony that defendant challenged on his direct appeal. We concluded that although the statements and testimony were improper, they were neither singularly nor collectively capable of producing an unjust result and did not deprive defendant of a fair trial. W.L., No. A-4938-09, slip op. at 18-25. Based on our finding on direct appeal that there was no reversible error in the admission of the challenged testimony or the prosecutor's closing argument, "the failure of trial counsel to object . . . could not lead to the conclusion that there is a reasonable probability that, but for the errors of trial . . . counsel, the outcome would have been different." State v. Echols, 199 N.J. 344, 361 (2009). Because defendant did not sustain his burden under the second prong of the Strickland standard, his PCR was properly denied and we need not address the claim that his trial counsel erred by failing to object

to the challenged testimony and prosecutor's statements.  <u>Strickland</u>, 466 U.S. at 700.

We also do not address the merits of defendant's contention that his trial counsel was ineffective by failing to object to testimony about Child Sexual Abuse and Accommodation Syndrome (CSAAS) offered by the State's expert.[2] Our review of alleged trial court errors "is not limitless" and is "bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves."  <u>State v. Robinson</u>, 200 N.J. 1, 19 (2009).  Where, as here, the "issue never was raised before the [PCR] court, . . . and . . . its legal propriety never was ruled on by the . . . court, the issue was not properly preserved for appellate review."  <u>Id.</u> at 18-19.  Defendant's argument does not "go to the jurisdiction of the trial court or concern matters of great public interest," warranting an exception to the general prohibition against deciding an issue on appeal that was "not properly presented to the trial court."  <u>Id.</u> at 20 (quoting <u>Nieder v. Royal Indem. Ins. Co.</u>, 62 N.J. 229, 234 (1973)).

---

[2] Defendant did not challenge the admission of the expert's testimony on direct appeal.  <u>See generally</u> <u>R.</u> 3:22-3 (providing that a PCR proceeding is not "a substitute for an appeal from conviction"); <u>R.</u> 3:22-4 (barring the assertion of a claim in a PCR proceeding that was not raised on an appeal from the conviction unless one of three enumerated exceptions apply).

Moreover, at defendant's trial counsel's request, the expert's CSAAS testimony was properly limited by the court to the permissible scope of such testimony under the law existing at the time of trial.[3] Defendant does not make any claim to the contrary. Instead, defendant argues his trial counsel erred by failing to object during his 2009 trial to the admission of portions of the expert's testimony concerning CSAAS that our Supreme Court first determined was inadmissible in its 2018 decision in State v. J.L.G., 234 N.J. 265 (2018). In J.L.G., the Court determined that CSAAS evidence, except as to delayed disclosure, is not sufficiently reliable to be admissible. Id. at 272.

In J.L.G., the Supreme Court announced a new rule of law that has pipeline retroactive application. State v. G.E.P., 458 N.J. Super. 436, 444-48 (2019); see also State v. Burstein, 85 N.J. 394, 402-03 (1981) (explaining a court's options in determining the effect of an announcement of a new rule of law). The new rule of law therefore is inapplicable to defendant's case because he exhausted the direct appeals of his conviction in 2013, six years prior to the Court's decision in J.L.G. See G.E.P., 458 N.J. Super. at 444-48. Defendant cannot obtain relief from his conviction through a PCR petition where the new

---

[3] The trial court expressly limited the expert's testimony concerning CSAAS to the parameters established in State v. P.H., 178 N.J. 378 (2004), and State v. J.Q., 130 N.J. 554 (1993).

A-3931-17T1

rule of law upon which he relies is not retroactive to his conviction. See State v. Cupe, 289 N.J. Super. 1, 11 (App. Div. 1996) (explaining that "a case decided after a defendant's conviction and sentence has become final may not provide the basis for [PCR] if it announces a new rule of law" unless it is determined the new rule of law applies retroactively to the defendant's conviction and sentence). Additionally, defendant's trial counsel's performance was not deficient under the first prong of the Strickland standard by his reliance on the law defining permissible CSAAS testimony extant at the time of defendant's trial. See Strickland, 466 U.S. at 690 (finding "the reasonableness of counsel's challenged conduct" is judged "on the facts of the particular case, viewed as of the time of counsel's conduct"); see also State v. Allegro, 193 N.J. 352, 366 (2008) ("In gauging whether a valid claim of ineffective assistance of counsel has been presented, 'the court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" (quoting State v. Castagna, 187 N.J. 293, 314 (2006))).

Any arguments asserted by defendant that we have not addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3931-17T1