# **RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3509-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

R.P.D.,

     Defendant-Appellant.

_____

> Submitted October 28, 2019 – Decided January 15, 2020
>
> Before Judges Sabatino and Sumners.
>
> On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment No. 11-04-0832.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Janet Anne Allegro, Designated Counsel, on the briefs).
>
> Mark Musella, Bergen County Prosecutor, attorney for respondent (Ian C. Kennedy, Assistant Prosecutor, of counsel and on the briefs).
>
> Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant R.P.D.[1] appeals from a Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing.  Before us, he presents the following arguments:

POINT I THE COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE EFFECTIVE LEGAL REPRESENTATION AT THE TRIAL LEVEL SINCE TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO ADDRESS THE TRIAL COURT'S USE OF THE INAPPROPRIATE LEGAL STANDARD REGARDING DEFENDANT'S REQUEST TO PROCEED PRO SE.

A. Ineffective Assistance of Trial Counsel Regarding Defendant's Request to Proceed Pro Se.

B. Ineffective Assistance of Appellate Counsel Regarding Defendant's Request to Proceed Pro Se. (Not Raised Below)

POINT II THE PCR RECORD ESTABLISHED DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF PCR COUNSEL.

---

[1] We use initials to protect the identity of the victim.

A-3509-17T1

POINT III    DEFENDANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BECAUSE COUNSEL FAILED TO EVEN ATTEMPT TO CONDUCT AN INVESTIGATION AND INTERVIEW OF POTENTIAL WITNESSES AND, THEREFORE, THE PCR COURT ERRED IN FINDING COUNSEL'S DETERMINATION THAT AN INVESTAGTION WOULD BE FRUITLESS WAS REASONABLE.

POINT IV    TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO CSAAS TESTIMONY AND TO OBTAIN AN EXPERT TO COUNTER THE TESTIMONY, WHICH WAS PARTICULARLY REQUIRED IN LIGHT OF THE RECENTLY DECIDED CASE, STATE V. J.L.G., 234 N.J. 265 (2018).

In his pro se supplemental brief, defendant argues:

POINT 1    DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO SELF-REPRESENTATION. THE COURT FAILED TO APPLY THE APPROPRIATE LEGAL STANDARD FOR SELF-REPRESENTATION AND ERRED BY NOT ORDERING A NEW TRIAL.

POINT 2    TRIAL ATTORNEY WAS INEFFECTIVE FOR NOT REQUESTING A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE WHICH DIRECTLY EFFECTS RELIABILITY OF THE STATE'S PRIMARY WITNESS'

3

TESTIMONY REQUIRING A N.J.R.E. 104 HEARING TO ASCERTAIN IF THE NEWLY DISCOVERED EVIDENCE IS A RESULT OF BRADY[2] VIOLATION.

POINT 3    BASED ON RECENT COURT DECISIONS AND EXPERT TESTIMONY DETERMINED TO BE INADMISSABLED. THE DEFENDANT IS ENTITLED TO BENEFIT FROM FULL RETROACTIVITY OF THE NEW LAW BASED ON THE CIRCUMSTANCES AND THE FACTS OF THE CASE.

Having reviewed the record considering the applicable legal standards, we reverse and remand for retrial.

I

The procedural history and trial evidence are detailed in our unpublished decision affirming defendant's conviction and sentence on direct appeal, State v. R.D., No. A-5735-11 (App. Div. Sept. 20, 2013).[3] A brief summary of the relevant facts and proceedings will suffice here.

Defendant was charged with six counts of second-degree sexual assaults upon his daughter while she was under the age of thirteen, N.J.S.A. 2C:14-2(b);

---

[2] Brady v. Maryland, 373 U.S. 83 (1963).

[3] Defendant's direct appeal did not include his middle initial.

three counts of second-degree engaging in sexual conduct that would harm, impair, or debauch the morals of his daughter while under a legal duty to care for her, N.J.S.A. 2C:24-4(a); two counts of first-degree aggravated sexual assault of his daughter while she was under the age of thirteen, N.J.S.A. 2C:14-2(a)(1); one count of third-degree terroristic threats, N.J.S.A. 2C:12-3(a); and one count of third-degree attempt to cause or recklessly cause significant bodily injury to his daughter, N.J.S.A. 2C:12-1(b)(7).

The State's proofs at the February 2012 bench trial essentially showed that defendant repeatedly sexually assaulted his daughter beginning when she was four years old until she reached the age of ten. The State primarily relied upon the testimony of the then fifteen-year-old daughter, who provided a detailed narrative account of the abuse inflicted upon her by her father. The State also presented testimony from the Bergen County Prosecutor Office's investigating detective concerning videotaped interviews of the daughter when she was thirteen years old about the sexual abuse. The detective also testified about her interview of defendant's younger daughter, who denied abuse. Also testifying for the State was its expert, a psychologist who explained the theory of Child Sexual Abuse Accommodation Syndrome (CSAAS) regarding "a child's often counter-intuitive reactions to sexual abuse." State v. W. B., 205 N.J. 588, 611

(2011) (citing State v. J.Q., 130 N.J. 554, 579 (1993)).  Defendant elected not to testify and did not call any witnesses on his own behalf.

In an extensive oral opinion, the trial judge found defendant guilty of all charges.  The judge largely credited the daughter's testimony and indicated there was "no doubt in [his] mind" that accusations of sexual abuse by defendant were truthful.  The judge only briefly alluded to the expert's CSAAS testimony and merely noted, in a conclusory fashion, he had taken it into consideration.  On July 3, 2012, the judge sentenced defendant to a seventy-year aggregate prison term, subject to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2.

On direct appeal, we upheld defendant's conviction but, with the State's consent, remanded for resentencing.  Defendant was subsequently resentenced on May 29, 2014, to an aggregate sixty-two-year prison term subject to NERA. He appealed his new sentence, which was affirmed by an Excessive Sentence on Appeal panel of this court on March 10, 2015.

Defendant thereafter filed a timely PCR petition, contending trial counsel was ineffective for: (1) failing to conduct an adequate investigation and call any witnesses on his behalf; (2) failing to request a pretrial taint hearing under State v. Michaels, 136 N.J. 299, 320 (1994), to determine if his daughter's allegations were tainted by improper investigation techniques; (3) failing to consult with an

expert to refute the State's expert; and (4) failing to file motions requested by defendant. Defendant also contended his constitutional right to represent himself was improperly denied by the motion judge.

The PCR judge denied defendant's claims without an evidentiary hearing. In his written decision, the judge explained trial counsel represented to the trial judge that a CSAAS expert was unnecessary given the State's decision to present one, to which the trial judge agreed. The judge also explained how counsel represented to a different judge at a pretrial conference that after meeting with defendant, an investigator would not be "fruitful or useful" to conduct any additional investigation to identify potential witnesses to refute abuse allegations. The PCR judge also determined defendant was properly denied the right to proceed pro se because he was unable to answer the first three questions posed by the motion judge in assessing his competence to represent himself, and "was unable to prove that his relinquishment of his right [to counsel] was knowing and intelligent." This appeal ensued.

II

To establish a prima facie claim of ineffective assistance of counsel, the defendant must show that: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687

(1984); State v. Fritz, 105 N.J. 42, 58 (1987). A court reviewing a PCR petition based on claims of ineffective assistance has the discretion to grant an evidentiary hearing only if a defendant establishes a prima facie showing in support of the requested relief. State v. Preciose, 129 N.J. 451, 462-63 (1992). The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). When determining whether to grant an evidentiary hearing, the PCR court must consider the facts in the light most favorable to the defendant to determine if a defendant has established a prima facie claim. Preciose, 129 N.J. at 462-63. A hearing should be conducted only if there are disputed issues as to material facts regarding entitlement to PCR that cannot be resolved based on the existing record. State v. Porter, 216 N.J. 343, 354 (2013).

The main thrust of defendant's appeal is that the PCR judge failed to recognize the motion court did not apply the proper legal standard set forth in State v. Reddish, 181 N.J. 553, 592-95 (2004), to determine whether he would be allowed to exercise his constitutional right to represent himself. Defendant maintains the motion court did not engage in the required colloquy to determine whether he was knowingly and voluntarily waiving his right to counsel, and that this error requires a new trial. He asserts trial counsel was ineffective because

he failed to argue the proper standard to be applied by the motion court in deciding his request to represent himself, and that appellate counsel failed to contend the motion court applied the incorrect standard. In addition, defendant claims PCR counsel was ineffective because he erred in arguing that defendant rescinded his request to represent himself, which in turn supported the State's position.

A defendant's right to self-representation is well settled. "[A] defendant has a constitutionally protected right to represent himself in a criminal trial." Faretta v. California, 422 U.S. 806, 816 (1975); see State v. DuBois, 189 N.J. 454, 465 (2007). However, because a waiver of the right to counsel constitutes a relinquishment of "many of the traditional benefits associated with" that right, it must be made "knowingly and intelligently." Faretta, 422 U.S. at 835. When a criminal defendant requests self-representation, the judge must "engage in a searching inquiry" with him to determine whether the defendant understands the implications of the waiver. State v. Crisafi, 128 N.J. 499, 510 (1992).

In Crisafi, the Court held that a trial judge must inform the defendants of "the nature of the charges against them, the statutory defenses to those charges, and the possible range of punishment." Id. at 511. The judge should also tell the defendants of "the technical problems they may encounter in acting as their own

counsel and of the risks they take if their defense is unsuccessful." Id. at 511-12. The defendants should be cautioned that they must conduct their defense in accordance with the relevant rules of procedure and evidence, that "a lack of knowledge of law may impair their ability to defend themselves," and that in general it may be unwise not to accept counsel's assistance. Id. at 512.

Over two decades later in Reddish, 181 N.J. at 594, the Court expanded the Crisafi inquiry.

> [T]he Crisafi/Reddish inquiry now requires the trial court to inform a defendant asserting a right to self-representation of (1) the nature of the charges, statutory defenses, and possible range of punishment; (2) the technical problems associated with self-representation and the risks if the defense is unsuccessful; (3) the necessity that defendant comply with the rules of criminal procedure and the rules of evidence; (4) the fact that the lack of knowledge of the law may impair defendant's ability to defend himself or herself; (5) the impact that the dual role of counsel and defendant may have; (6) the reality that it would be unwise not to accept the assistance of counsel; (7) the need for an open-ended discussion so that the defendant may express an understanding in his or her own words; (8) the fact that, if defendant proceeds pro se, he or she will be unable to assert an ineffective assistance of counsel claim; and (9) the ramifications that self-representation will have on the right to remain silent and the privilege against self-incrimination.
>
> [DuBois, 189 N.J. at 468-69.]

10

In ascertaining whether a defendant's "knowingness" is "real or feigned," a trial court should ask "appropriate open-ended questions that will require [the] defendant to describe in his own words his understanding of the challenges that he will face. . . ." Reddish, 181 N.J. at 595.

Ultimately, the focus "must be on the defendant's actual understanding of the waiver of counsel." Crisafi, 128 N.J. at 512. All reasonable presumptions against waiver should be indulged. State v. Gallagher, 274 N.J. Super. 285, 295 (App. Div. 1994). However, a defendant should not be deprived of the right of self-representation based solely on "the complexity of the proceedings or the magnitude of the consequences" he faces. State v. Russo, 243 N.J. Super. 383, 401 (App. Div. 1990). Additionally, the goal of the court's colloquy with a defendant is not to explore whether he possesses any particular "technical legal knowledge," State v. King, 210 N.J. 2, 19 (2012), and a defendant need not demonstrate "the skill and experience of a lawyer" before a knowing and voluntary waiver is found. Reddish, 181 N.J. at 595. Finally, if the appropriate colloquy is conducted and it is determined that the defendant's waiver of counsel is knowing and voluntary, that choice "must be honored" even if the court feels it is a "poor" or "unwise" one. Gallagher, 274 N.J. Super. at 296; State v. Thomas, 362 N.J. Super. 229, 242-43 (App. Div. 2003).

Applying these principles, we are constrained to conclude the PCR court erred in finding the motion court applied the proper legal standard when denying defendant's right to represent himself and that there was no ineffectiveness of trial and appellate counsel.

After previously voicing complaints about his assigned trial counsel, the motion court heard defendant's application to represent himself about a month before the scheduled trial date. The court began with its advice to defendant that his counsel was a very experienced defense attorney and among the best in the vicinage, and that he could not pick the assigned counsel that he wanted. With counsel at his side, defendant argued that he desired to represent himself because counsel failed "to collect one piece of evidence, interview one witness, file one motion, . . . on [his]behalf[,]" which constituted "ineffective assistance of counsel."

Shortly thereafter, the following colloquy occurred:

> THE DEFENDANT: Then I'm prepared to go pro se and I would appreciate it if the Court would allow me to - -
>
> THE COURT: All right. Then let's go through the - -
>
> THE DEFENDANT: Let's.
>
> THE COURT: - - factors. Let's see if you're - - what are the different parts of a trial? How it begin and how does it end. What are the various portions of a trial.

THE DEFENDANT: Well, I - - I'm not prepared to answer your questions. If you'd like to give me some time, I'll study up and I'll come back and we'll talk about this again another day.

THE COURT: Do you have any idea what the rules of court are when it comes to conducting a trial?

THE DEFENDANT: As far as specifically what?

THE COURT: Do you know that there are court rules to be followed?

THE DEFENDANT: Sure. There's probably ways to present yourself to the judge, to the witnesses, and - -

THE COURT: What does a prosecutor do versus a defense? What kind of examinations do they do?

THE DEFENDANT: Is this to embarrass me, your Honor?

THE COURT: No. I'm trying to figure out what your knowledge is. And so far you have absolutely no knowledge of what it is to conduct a full blown trial.

THE DEFENDANT: I do not have the - -

THE COURT: Hence, why you have an attorney. So just from the three - - I'm not even done with the list yet.

THE DEFENDANT: I'm sure you're not.

THE COURT: I'm only up to the third question, and it's not meant to embarrass you, it's meant to show you that you are not competent to be your own attorney.

A-3509-17T1

THE DEFENDANT: I agree.

THE COURT: That it is, as they say, if you're willing to be an attorney for yourself, then you'll be a fool - -

THE DEFENDANT: I will not go to trial with Mr. Meehan. I can assure you that.

THE COURT: Well, you're going to have to contact Mr. Acevedo [of the Public Defender's Office] because [he] is the only one that has the power to change who your public defender will be. But I can tell you this, that you will not be pro se. I find that you are not competent. There's 20 questions here. You couldn't even answer the first three.

THE DEFENDANT: I can give you the answers (indiscernible)

THE COURT: So I do not find that you're competent. Your case will proceed on February 6th with Mr. Meehan. And unless Mr. Acevedo decides to change your public defender, which I can tell you he won't.

At no point did the motion court engage in the full, searching colloquy described in Faretta, Crisafi, and Reddish to determine whether defendant's waiver of counsel would be knowing and voluntary. The court did not caution defendant about the sentence he faced at trial and ask whether he understood the charges. The judge's mere statement that defendant was not competent to represent himself because he could not answer three of the first twenty questions, was not the proper standard. We take no issue with the court's belief

14

that proceeding without counsel was not the best choice for defendant. That said, the court was erroneous to base its decision on that view, particularly where the record suggests defendant is literate, willing to research the legal process that faced him upon self-representation, and to take responsibility for his decision to proceed pro se. Faretta, 422 U.S. at 835. There is no indication defendant lacked the competency to waive his right to counsel. Nor is there any indication that defendant's request to represent himself was not exercised in a timely, clear and unequivocal fashion. See State v. Harris, 384 N.J. Super. 29, 57-58 (App. Div. 2006).

As our Supreme Court recognized, "[t]he right [of self-representation] is either respected or denied; its deprivation cannot be harmless." King, 210 N.J. at 22 (alteration in original) (quoting McKaskle v. Wiggins, 465 U.S. 168, 177 n.8, (1984)). Hence, although a defendant "may have been represented by a skilled attorney, the evidence against him may have been substantial, and the verdict may find strong support in the record; that matters not." Ibid. A defendant has the constitutional right to represent himself without demonstrating he can do so like a skilled lawyer as long he exercises his right knowingly and voluntary. Reddish, 181 N.J. at 595.

We find no merit to the State's opposition to this appeal. The State does not specifically address the legal standard the motion court should have applied in deciding defendant's request to represent himself. Instead, the State argues "defendant never unequivocally requested he wanted to represent himself." The record does not support this argument. Not only was defendant adamant during the motion hearing that he wanted to represent himself, five days after his request was denied, defendant wrote a letter to the court reiterating his concerns about trial counsel and stating he wanted to represent himself.[4] We further find unpersuasive the State's reliance on the trial judge's comment at sentencing that trial counsel performed "extremely well," in response to defendant's assertion counsel was ineffective. Counsel's performance is irrelevant to whether defendant's right to represent himself was improperly denied by the motion court.

Significantly, when the court heard defendant's request to represent himself trial counsel remained silent. Counsel had a responsibility to point out to the court that it should apply the principles articulated in the above noted case

---

[4] The letter is unsigned and was attached to his pro se PCR brief, which was submitted before he was assigned PCR counsel. There is no indication in the record that the letter was not received by the court.

law in considering defendant's request. Appellate counsel had the same obligation in pursuing defendant's direct appeal.

In addition, we reject the State's contention that defendant's claim is procedurally barred under Rule 3:22-4(a) because he should have contended on direct appeal that the motion court erred in denying him the right to represent himself. Defendant asserts trial counsel was ineffective for failing to advise the motion court of the proper legal standard to apply in deciding his motion to proceed pro se. However, under Rule 3:22-4(a)(2) no procedural bar applies where the "enforcement of the bar to preclude claims, including one for ineffective assistance of counsel, would result in fundamental injustice." We recently held there is was no procedural bar to a PCR claim where the trial court denied a defendant the right of self-representation because it "would result in a fundamental injustice." State v. Rose, 458 N.J. Super. 610, 625 (App. Div. 2019).

Moreover, there can be no procedural bar to claims against appellate counsel and PCR counsel. The bar does not apply where defendant asserts that appellate counsel and PCR counsel were ineffective for failing to argue his motion to represent himself was improperly denied because the claims against them did not become ripe until after the direct appeal and the PCR claim were

rejected.  See Preciose, 129 N.J. at 460; State v. Webster, 187 N. J. 254, 257 (2006) (ruling that under Rule 3:22-6(d), PCR counsel must advance defendant's legitimate arguments supported by the record).

We have pondered whether a remand would be appropriate but have concluded it would serve no useful purpose. It is simply impossible to reconstruct the situation that existed at the time the motion court queried defendant about his desire to represent himself.  Consequently, we reverse the denial of PCR relief because the motion court erred in denying defendant his constitutional right to represent himself.

### III

Given our ruling that defendant should be retried and allowed to represent himself, we need not address defendant's remaining contentions.  However, for the sake of completeness, we do so and conclude they have no merit.

Defendant argues trial counsel was ineffective for not conducting an adequate investigation by interviewing family members and a Division of Youth and Family Services[5] caseworker regarding his daughter's failure to show any signs of being sexually assaulted, or not investigating her mental health

---

[5] The agency is now known as the New Jersey Division of Child Protection and Permanency.

condition. In order to establish that a counsel's inadequate investigation constitutes ineffective assistance, a defendant must assert facts through affidavits or certifications based upon personal knowledge, what the investigation would have revealed and that the inadequacy prejudiced his defense. R. 1:6-6; see State v. Porter, 216 N.J. 343, 352 (2013). Because defendant's contentions are unsupported by such affidavits or certifications, his claim of ineffective assistance is nothing more than "bald assertions" and so fail. Cummings, 321 N.J. Super. at 170.

Last, defendant contends trial counsel was ineffective for neither objecting to the testimony of the State's expert witness nor presenting an expert to refute the State's expert given our Supreme Court's recent ruling in J.L.G., 234 N.J. at 272, that CSAAS evidence, except as to delayed disclosure, is not sufficiently reliable to be admissible. As noted above, the trial judge gave little value to the CSAAS testimony in finding defendant was guilty of all the charges

We begin with the understanding that our review of alleged trial court errors "is not limitless" and is "bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves." State v. Robinson, 200 N.J. 1, 19 (2009). Where, as here, the "issue never was raised before the [PCR] court, . . . and . . . its legal propriety never was ruled on by the

. . . court, the issue was not properly preserved for appellate review." Id. at 18-19. Defendant's contention does not "go to the jurisdiction of the trial court or concern matters of great public interest," warranting an exception to the general prohibition against deciding an issue on appeal that was "not properly presented to the trial court." Id. at 20 (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973)). Accordingly, we should not address the merits of defendant's claim that his trial counsel was ineffective by failing to object to the CSAAS testimony presented by the State's expert.

Nonetheless, there is no merit to defendant's claim under Strickland's second prong that he was prejudiced by counsel's failure to challenge the CSAAS testimony. We also agree with the State that counsel cannot be ineffective for not objecting to the CSAAS testimony or presenting contrarian expert testimony considering the admissibility of the testimony was supported by almost two decades of decisional case law.[6] See Strickland, 466 U.S. at 690

---

[6] We noted as such in our unpublished decision affirming defendant's conviction wherein we rejected the argument that the CSAAS testimony by the State's expert should not have been admitted. R.D., slip op. at 11. We felt "bound to follow the precedence of the United States Supreme Court and the Supreme Court of New Jersey, regardless of whether those precedents are unwise or outmoded, that the testimony was admissible." Ibid. Also, defense counsel did not object at trial to the testimony and the record before us was insufficient to address the testimony's validity. Id. at 12.

(finding "the reasonableness of counsel's challenged conduct" is judged "on the facts of the particular case, viewed as of the time of counsel's conduct"); see also State v. Allegro, 193 N.J. 352, 366 (2008) ("In gauging whether a valid claim of ineffective assistance of counsel has been presented, 'the court must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" (quoting State v. Castagna, 187 N.J. 293, 314 (2006))).

Moreover, in J.L.G., the Court announced a new rule of law that has pipeline retroactive application. State v. G.E.P., 458 N.J. Super. 436, 444-48 (2019); see also State v. Burstein, 85 N.J. 394, 402-03 (1981) (explaining a court's options in determining the effect of an announcement of a new rule of law). The new rule of law therefore is inapplicable to defendant's case because he exhausted the direct appeals of his conviction in 2014,[7] four years prior to the Court's decision in J.L.G. See G.E.P., 458 N.J. Super. at 444-48. Defendant cannot obtain relief from his conviction through a PCR petition where the new rule of law upon which he relies is not retroactive to his conviction. See State v. Cupe, 289 N.J. Super. 1, 11 (App. Div. 1996) (explaining that "a case decided after a defendant's conviction and sentence has become final may not provide

---

[7] As mentioned above, defendant was resentenced on May 2, 2014.

the basis for [PCR] if it announces a new rule of law" unless it is determined the new rule of law applies retroactively to the defendant's conviction and sentence).

Any arguments asserted by defendant that we have not addressed are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Reversed and remanded for retrial.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION